# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **CHELSEA MONROE,** )<br>)<br>　**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**CLAYTON HOMES d/b/a** )<br>**SOUTHERN ENERGY HOMES** )<br>**INC.,** )<br>)<br>　**Defendant.** ) | **Civil Action No.:**<br><br>**JURY DEMAND** |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action for legal and equitable relief to redress sex discrimination, harassment, and retaliation against Chelsea Monroe. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provide for relief against discrimination and retaliation in employment. Plaintiff seeks injunctive relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.  This suit also asserts state law claims of negligent/wanton retention, negligent/wanton supervision, negligent/wanton training and outrage.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202. Jurisdiction over Plaintiff's claims under Alabama law exist pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

3. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Winston County. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

### III.   PARTIES

5. Plaintiff, Chelsea Monroe, is a female citizen of the United States, and a resident of the State of Alabama. Monroe was an employee of Clayton Homes d/b/a Southern Energy Homes, Inc. at all times relevant to this litigation.

6. Defendant, Clayton Homes d/b/a Southern Energy Homes, Inc., is an employer doing business in this district, and at all times relevant to this action, the Defendant is the employer of Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964.

### IV.   STATEMENT OF FACTS AND CLAIMS

#### COUNT ONE: CLAIMS OF SEX DISCRIMINATION AND HARASSMENT PURSUANT TO TITLE VII

7. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 6 above with the same force and effect as if fully set out in specific detail herein below.

8. Plaintiff was subjected to discrimination and harassment, based on sex.

9. The discrimination and harassment which Plaintiff was subjected included, but was not limited to, sexual harassing comments, behavior, touching, and unwanted exposure of genitalia to Plaintiff.

10. The harassment which Plaintiff was subjected to was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

11. Plaintiff was subjected to harassment by her supervisor and Defendant is liable for such harassment.

12. Plaintiff complained about the sex discrimination and harassment to her supervisor and members of management.

13. Plaintiff began her employment with the Defendant on February 17, 2014 in the Final Finish department.

14. Approximately two weeks after Plaintiff's employment began, she began being sexually harassed by Mike Cortez, supervisor of vinyl siding.

15. Cortez routinely made sexually inappropriate comments to Plaintiff and would touch her inappropriately.

16. The harassment included comments, propositions and touching.

17. Plaintiff repeatedly objected to Cortez's conduct.

18. Upon information and belief, Cortez also harassed other employees and management was aware of such conduct.

19. Plaintiff complained about the harassment to co-worker, Sheila Johnson, and supervisor, Donna Johnson, on March 7, 2014.

20. Donna Johnson told Plaintiff she would take care of it and not to worry about it.

21. There were several witnesses to these lewd statements and inappropriate touching by Cortez, however, the company did not conduct an investigation regarding her complaint, nor did the company respond to her complaint.

22. The day after her complaint Plaintiff was called into the office and given a warning for talking too much.

23. The next week Plaintiff was given a warning for cursing.

24. Other employees, who did not complained of harassment have engaged in similar conduct but have not been disciplined.

25. On March 25, 2014, Plaintiff was called to the office and terminated based on two warnings.

26. Respondent's reason for Plaintiff's termination are pretext.

27. Similarly situated employees who have not complained of harassment have not been terminated.

28. Defendant knew or should have known of Cortez's conduct. Upon information and belief, Cortez harassed other women at the work site.

29. The sexual harassment which Plaintiff was subjected to by her supervisor was unwelcomed, offensive, based on sex, and was so severe or pervasive that it affected the terms and conditions of her employment.

30. Plaintiff complained about the sexual harassment to supervisors and managers; however, prompt and effective remedial action was not taken.

31. Because of the complaints and the open and obvious nature of the harassing behavior, Defendant had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

32. Defendant is strictly liable for the harassment carried out by supervisory employees.

33. Plaintiff has suffered severe emotional distress, embarrassment and humiliation as a result of the harassment and Defendant's conduct.

34. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

35. Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's rights and/or by deliberate indifference to those violations.

36. Plaintiff was subjected to harassment and discrimination by Defendant, and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

37. The conduct of Defendant, as set out above, was extreme, outrageous and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiff to suffer great emotional distress for which he claims compensatory and punitive damages from Defendant.

## COUNT TWO: CLAIMS OF RETALIATION PURSUANT TO TITLE VII

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-37, above with the same force and effect as if fully set out in specific detail hereinbelow.

39. Plaintiff was subjected to discrimination and harassment as set forth above.

40. Plaintiff complained of sex discrimination and harassment.

41. As a result of Plaintiff's protected activity, Defendant retaliated against her by discipline, terminating her employment, and other terms and conditions of employment.

42. Plaintiff engaged in protected activity.

43. As a result of and in retaliation for engaging in protected activity, Plaintiff was subjected to adverse employment actions in the form of harassment, discipline, termination, and other terms and conditions of employment.

44. A causal connection exists between Plaintiff's protected activity and the adverse action she suffered.

45. Defendant has no legitimate non-discriminatory reason for its conduct.

46. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

47. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT THREE: OUTRAGE

48. Plaintiff re-alleges and incorporates by reference paragraphs 1-47, above with the same force and effect as if fully set out in specific detail hereinbelow.

49. This claim is being brought on behalf of Plaintiff and arises under the law of the State of Alabama to redress Defendant's outrageous conduct towards the Plaintiff and Defendant's ratification of the conduct set forth in this Complaint.

50. This claim is being brought against Defendant for its knowing ratification of the actions of its supervisors and management.

51. Defendant outrageously and intentionally inflicted emotional distress upon the Plaintiff by subjecting him to the egregious conduct outlined above.

52. Defendant outrageously and intentionally inflicted emotional distress upon the Plaintiff by condoning and ratifying the conduct and by its refusal to take prompt, adequate, and corrective action.

53. Defendant's conduct, as set out above, was extreme, outrageous and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiff to suffer great emotional distress for which she claims compensatory damages.

54. Defendant condoned, authorized, and/or ratified the conduct, because they knew or should have known of the outrageous conduct towards Plaintiff and failed to take any action to prevent or stop Defendant's unlawful conduct.

55. Defendant acted with malice and/or reckless indifference towards Plaintiff.

## COUNT FOUR: NEGLIGENT AND/OR WANTON SUPERVISION

56. Plaintiff re-alleges and incorporates by reference paragraphs 1-55, above with the same force and effect as is fully set out in specific detail herein below.

57. This is a claim is brought on behalf of Plaintiff and arises under the law of the State of Alabama to redress Defendant's negligent and/or wanton supervision of employees, supervisors, and management.

58. Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

59. Defendant was negligent and/or wanton in its supervision of its employees, supervisors, and management.

60. Defendant had actual knowledge of the conduct of its employees, supervisors, and management, knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

61. By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors and management towards the Plaintiff. Defendant has negligently and/or wantonly failed to supervise its workforce in order to prevent and stop the outrageous conduct.

62. Defendant's failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

63. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

### COUNT FIVE: NEGLIGENT AND/OR WANTON TRAINING

64. Plaintiff re-alleges and incorporates by reference paragraphs 1-63 above with the same force and effect as is fully set out in specific detail herein below.

65. This is a claim is brought on behalf of Plaintiff and arises under the law of the State of Alabama to redress Defendant's negligent and/or wanton training of employees, supervisors, and management.

66. Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

67. Defendant was negligent and/or wanton in its training of its employees, supervisors, and management.

68. Defendant had actual knowledge of the conduct of its employees, supervisors, and management, knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

69. By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors and management towards the Plaintiff. Defendant has negligently and/or wantonly failed to train its workforce in order to prevent and stop the outrageous conduct.

70. Defendant's failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

71. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

### COUNT SIX: NEGLIGENT AND/OR WANTON RETENTION

72. Plaintiff re-alleges and incorporates by reference paragraphs 1-71 above with the same force and effect as is fully set out in specific detail herein below.

73. This is a claim is brought on behalf of Plaintiff and arises under the law of the State of Alabama to redress Defendant's negligent and/or wanton retention of its employees, supervisors, and management.

74. Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

75. Defendant was negligent and/or wanton in its retention of its employees, supervisors, and management.

76. Defendant had actual knowledge of the conduct of its employees, supervisors, and management, knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

77. By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors and management towards Plaintiff. Defendant has negligently and/or wantonly retained

employees who engaged in discriminatory conduct. By its actions/inaction, Defendant has allowed the outrageous conduct to continue.

78. Defendant's failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

79. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and the law of the State of Alabama.

2. Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and the law of the State of Alabama.

3. Grant the Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, back-pay, interest, compensatory, punitive, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

        Respectfully submitted,

        */s/ Rocco Calamusa, Jr.*
        Rocco Calamusa, Jr. (asb-5324-a61r)
        Attorney for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

        */s/ Rocco Calamusa, Jr.*
        OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.**

**Defendant's Address:**
Clayton Homes d/b/a
Southern Energy Homes, Inc.
c/o CT Corporation System, Reg. Agent
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

        */s/ Rocco Calamusa, Jr.*
        OF COUNSEL